IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LESLIE L. JACOBS, JR.,

    Plaintiff,

       v.

                            CIVIL ACTION FILE
                            NO. 1:06-CV-3092-TWT

MR. LONG-ARM, INC.,

    Defendant.

ORDER

    This is a patent infringement action.  It is before the Court on the Plaintiff's Motion to Dismiss Certain Aspects of Count I of Defendant's Counterclaim, Affirmative Defenses, and Requested Relief [Doc. 11].  The Court previously granted the Defendant's Motion for Leave to File a Second Amended Answer to Complaint and Counterclaim [Doc. 22], which rendered moot most of the Plaintiff's arguments. The Plaintiff's Motion to Consider its Objections to Defendant's Second Amended Answer and Counterclaim [Doc. 28] is GRANTED.

## I.  BACKGROUND

    The Plaintiff, Leslie R. Jacobs, Jr., filed his Complaint on December 20, 2006, seeking monetary damages and injunctive relief based upon the Defendant Mr.

Longarm, Inc.'s alleged infringement of U.S. Patent No. 5,495,635.  The Defendant filed an Answer to the Complaint, and asserted Counterclaims.

The Defendant's Answer to Complaint and Counterclaim asserted (1) an affirmative defense of failure to state a claim upon which relief can be granted, (2) an affirmative defense that "[o]ne or more of the asserted claims of the patents-in-suit is invalid, void, and unenforceable under 35 U.S.C. §§ 102, 103, and/or 112," and (3) a request for attorney's fees on the grounds that this case is "exceptional" under 35 U.S.C. § 285.  (Def.'s Ans. To Compl. and Counterclaim, at 3-6.)

The Plaintiff then filed a Motion to Dismiss Certain Aspects of Count I and of Defendant's Counterclaim, Affirmative Defenses, and Requested Relief [Doc. 11]. The motion urged this Court: (1) to strike the affirmative defense of failure to state a claim upon which relief can be granted; (2) to "strike aspects of Longarm's Affirmative Defenses and Count I of Longarm's Counterclaim to the extent that they are based on the alleged invalidity, voidability, or unenforceability of [the patent]"; and (3) to strike the request for attorney's fees on the grounds that Longarm failed to allege inequitable or bad faith conduct with sufficient particularity.

On March 6, 2007, the Plaintiff filed an Answer to the Defendant's Counterclaim [Doc. 8].  On March 15, 2007, the Defendant filed its Response to the Plaintiff's Motion to Dismiss. In its Response, the Defendant agreed that its

affirmative defense of failure to state a claim was meritless, and that it would voluntarily remove its affirmative defense as it pertained to uneforceability. With respect to the issue of attorney's fees, the Defendant defended its request for relief, and argued that it was authorized to amend its answer as a matter of right under Federal Rule of Civil Procedure 15(a), to include additional allegations of the Plaintiff's "bad faith."

There were two problems with what the Defendant did. The first is technical. The Defendant was not entitled to amend its Answer as a matter of right. Rule 15 only allows an amendment as a matter of right "any time before a responsive pleading is filed." The Plaintiff's Answer to the Counterclaim was filed on March 6, 2007, which terminated the Defendant's ability to file an amendment as a matter of right. The other way a party may amend is to either seek leave from the Court or consent of the other party. Counsel for the Defendant explained later that they were under the impression that a responsive pleading had not yet been filed due to a communication failure of some kind. The Defendant then filed a Motion for Leave to File a Second Amended Answer to Complaint and Counterclaim [Doc. 22], which this Court granted. Most of the disputes arising out of the Motion to Dismiss are moot.

## II.  APPLICABLE LEGAL STANDARDS

A complaint (in this case a counterclaim) should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the party's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the counterclaim as true and construe them in the light most favorable to the counterclaimant.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."  However, leave to amend may be denied where there has been undue delay or where the amendment would be futile.  Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984); Burger King Corporation v. C. R. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

## III. <u>DISCUSSION</u>

The Plaintiff's motion to dismiss the Defendant's request for attorney's fees is more appropriately brought in a motion for summary judgment. Both parties agree that in order for attorney's fees to be awarded in "exceptional cases" under 35 U.S.C. § 285, a party must prove that the claim was (1) brought in bad faith and (2) was objectively baseless. Though the Plaintiff does have a good argument that its expert testimony might negate an inference of bad faith, that testimony is evidence outside of the pleadings. Technically, the Court could treat the motion to dismiss as a motion for summary judgment. However, "before a district court may convert a motion to dismiss into a motion for summary judgment, it must notify the parties and allow the parties ten days to submit any relevant evidence and arguments in support or opposition to the merits." <u>Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.</u>, 104 F.3d 1256, 1266 (11th Cir. 1997). The Eleventh Circuit allows an exception to this requirement only when the parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given. In this case, the Court declines to convert the motion to dismiss into a motion for summary judgment. Furthermore, the Plaintiff's objection to the request for leave to amend on the attorney's fees issue is without merit. An amendment is not futile when the claim could survive a motion to dismiss. <u>Sibley v.</u>

Lando, 437 F.3d 1067, 1073 (11th Cir. 2005).  Therefore, the motion to strike and dismiss the request for attorney's fees should be denied, and the motion to amend should be granted.

## IV. CONCLUSION

The Plaintiff's Motion to Dismiss Certain Aspects of Count I of Defendant's Counterclaim, Affirmative Defenses, and Requested Relief [Doc. 11] is DENIED as moot, because of the Court's April 9, 2006 Order granting the Defendant's Motion for Leave to File a Second Amended Complaint and Counterclaim.  The Plaintiff's Motion to Consider its Objections to Defendant's Second Amended Answer and Counterclaim [Doc. 28] is GRANTED but the Court is not persuaded on the merits of the objections.

SO ORDERED, this 9 day of May, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge